UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JODI LYNNE POWERS, individually and )
as next friend for D.A.P., )
                                                                 )
       Plaintiffs, )
                                                                )
      v. )   Case No. 4:15CV00955 AGF
                                                                )
UNION PACIFIC RAILROAD CO., et al., )
                                                                )
       Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 7) of Plaintiffs Jodi Powers and D.A.P. to remand this case to state court, and the motion (Doc. No. 12) of Defendant Union Pacific Railroad Company ("Union Pacific") for leave to conduct limited discovery on jurisdictional issues relating to the motion to remand. For the reasons stated below, the Court will deny both motions.

## BACKGROUND

This case is a wrongful death action regarding the collapse of a communications tower on March 25, 2014, in Pottawatomie, Kansas, which killed decedent Martin Powers and his co-worker Seth Garner. At the time of the collapse, decedent was employed by Defendant Wireless Horizon, Inc. ("Wireless"), which was allegedly a subcontractor working on behalf of Union Pacific to dismantle the tower. On March 27, 2015, Plaintiffs Jodi Powers and D.A.P., decedent's wife and daughter, brought suit in state

court against Union Pacific, Wireless, Sabre Industries, Inc., and Sabre Communications Corp. (the latter two, collectively "Sabre"),[1] as well as against five John Doe Defendants, not yet identified, who were allegedly co-employees of decedent and Garner.  The complaint states claims for negligent supervision, against Union Pacific (Count I); negligent hiring/selection, against Union Pacific (Count II); strict liability, against Sabre and Union Pacific (Count III); negligent design, against Sabre and Union Pacific (Count IV); co-employee liability, against the John Doe Defendants (Count V); and conduct with the specific purpose of injury, against Wireless (Count VI).

On June 17, 2015, Union Pacific removed the action to this Court based on 28 U.S.C. § 1332(a) diversity jurisdiction.[2]  The notice of removal alleged that jurisdiction was proper because the amount in controversy exceeds $75,000, and because Plaintiffs are residents of Missouri, Union Pacific is a Delaware corporation with its principal place of business in Nebraska, Sabre Industries, Inc. is a Delaware corporation with its principal place of business in Texas, and Sabre Communications Corp. is an Iowa corporation with its principal place of business in Iowa.  In its notice of removal, Union Pacific concedes that Wireless is a Missouri corporation with its principal place of business in Missouri, but it argues that the citizenship of Wireless does not destroy diversity and should be disregarded, in that it was fraudulently joined.  In support of this assertion, Union Pacific argues that there exists no basis in fact or law for the Court to

---

[1] Plaintiffs allege that Sabre designed, tested, manufactured, marketed, sold, and/or constructed the tower in question with Union Pacific.
[2] Sabre consented to the removal by Union Pacific, but Wireless, which has yet to appear before the Court, did not.  Union Pacific contends that it does not need the consent of Wireless to remove because Wireless was fraudulently joined.

exercise jurisdiction over Plaintiffs' sole claim against Wireless, in that this claim is subject to the exclusive jurisdiction of either the Missouri or Kansas workers' compensation systems. In the alternative, Union Pacific argues that the joinder of Wireless was fraudulent in that Plaintiffs fail to state a claim against it as a matter of law. Union Pacific argues that Plaintiffs have not pleaded sufficient facts demonstrating that Wireless acted "intentionally" or "purposely" in causing the death of decedent and his co-worker.

On June 22, 2015, Plaintiffs moved to remand this case to state court due to a lack of complete diversity between Plaintiffs and Defendants. Plaintiffs argue that Wireless was not fraudulently joined under Missouri's workers' compensation statute. First, Plaintiffs contend that the exclusivity provision of Missouri's Workers' Compensation Act is not a jurisdictional bar, but rather, an affirmative defense which must be raised by Wireless, as employer of decedent. As Wireless has not raised this defense, Plaintiffs contend that it has been waived and that Union Pacific cannot raise the defense in its place. Additionally, Plaintiffs argue that even if workers' compensation exclusivity has been implicated, the proper remedy is to stay the case pending the determination by the workers' compensation commission whether the tower collapse was accidental or not, and if the collapse is found not to have been a total accident, Plaintiffs may then proceed with their intentional tort claims against Wireless. Plaintiffs argue that because this Court cannot make such a determination at this stage, Plaintiffs have a reasonable basis in fact and law supporting Count VI, and that therefore Wireless was not fraudulently joined and

the case should be remanded for lack of complete diversity. Plaintiffs further contend that the complaint contains sufficient factual allegations to state a claim against Wireless.

In response to Plaintiffs' motion to remand, Union Pacific argues that Kansas law, rather than Missouri law, should control Plaintiffs' claim against Wireless, as that is where the incident occurred. Union Pacific argues that under Kansas law, workers' compensation is the exclusive remedy for even intentional tort claims, and serves as a total jurisdictional bar to tort recovery.[3] Moreover, Union Pacific argues that even if Missouri law applies, Missouri case law makes clear that workers' compensation is the exclusive remedy for Plaintiffs' claim against Wireless. Union Pacific argues that the availability of the workers' compensation exclusivity defense hinges on whether the incident at issue was accidental or intentional, an issue which is within the sole authority of the workers' compensation commission to decide. As in its notice of removal, Union Pacific also argues that, workers' compensation exclusivity notwithstanding, the complaint fails to state an intentional tort claim against Wireless because it does not allege sufficient facts in support, which constitutes a separate basis to establish fraudulent joinder.

Alternately, Union Pacific asks the Court to stay its decision on Plaintiffs' motion to remand pending limited jurisdictional discovery. Union Pacific argues that it believes that Plaintiffs have filed a workers' compensation claim, but that it does not know whether such a claim was filed in Missouri or Kansas, or the status of such claim. Union

---

[3] Union Pacific notes that Plaintiffs do not address Kansas law whatsoever in their motion to remand, and speculate that Plaintiffs may be assuming that Missouri law applies because they may have filed a workers' compensation claim in Missouri.

4

Pacific argues that because a workers' compensation claim may have already determined whether the incident was accidental or intentional, such information could be dispositive of whether Plaintiffs can state a claim against Wireless, or whether Wireless was fraudulently joined. Thus, Union Pacific contends that jurisdictional discovery into this issue is appropriate.

Contemporaneously with its response brief, Union Pacific filed a motion to stay the case and allow Union Pacific limited jurisdictional discovery. In addition to reiterating its belief that Plaintiffs may have an existing workers' compensation claim, Union Pacific argues that Plaintiffs may have reached a settlement or other agreement with Wireless, given that Wireless has not entered an appearance in this case, despite having been served several months ago.[4] Union Pacific argues that both of these issues are critical to the determination of whether Plaintiffs have stated (and still have) a viable claim against Wireless, and in turn whether the citizenship of Wireless should be considered with respect to the Court's diversity jurisdiction in this case.

Plaintiffs did not file a reply to Union Pacific's brief in opposition to their motion to remand, or a response to Union Pacific's motion for jurisdictional discovery, and the time to do so has passed.

On August 20, 2015, the Court ordered the parties to submit supplemental memoranda briefing the Court on whether Missouri law or Kansas law controls Plaintiffs' claim against Wireless, and how this choice of law impacts Union Pacific's motion to

---

4      In its notice of removal, Union Pacific states that Wireless was served in this matter "on or about May 15, 2015." (Doc. No. 1 at 2.)

remand. Plaintiffs, Sabre Communications Corp., and Union Pacific all submitted briefs in response to this Order.

Plaintiffs construe the question as a conflict between the workers' compensation laws of Missouri and Kansas, important in that Missouri contains an exception to workers' compensation exclusivity in cases where injury results from intentional acts of the employer, while Kansas law contains no such exception. Plaintiffs argue that, under Missouri's choice of law rules, Missouri's workers' compensation statute will control because it contains a statutory directive that Missouri law shall apply to "all injuries received and occupational diseases contracted outside of this state under contract of employment made in this state." Doc. No. 19 at 4 (quoting Mo. Rev. Stat. § 287.110(2)). Plaintiffs contend that, though the incident occurred in Kansas, Wireless and decedent entered into their employment contract in Missouri, and therefore Missouri law should control.[5] Alternately, Plaintiffs argue that under the "most significant relationship test" followed by Missouri courts, Missouri law should still control because the conduct causing the injury (the decisions made by Wireless) occurred at least partly in Missouri, Wireless and decedent are both Missouri citizens, and the relationship between these two parties is based in Missouri. Plaintiffs argue that under either analysis, Missouri law should control and the case should be remanded to state court.

Union Pacific and Sabre construe the conflict as one between the wrongful death laws of Missouri and Kansas. They argue that under Missouri law, the default rule is that

---

[5] Plaintiffs have not submitted any evidence regarding decedent's employment contract, and no such facts were pleaded in their complaint.

6

the state where the injury occurred determines the rights and liabilities of the parties, unless some other state has a more significant relationship with the occurrence and the parties.  These Defendants argue that there is no reason to disturb the presumption that Kansas law controls, and that in any event, Kansas has the most significant relationship to this case, in that the injury occurred in Kansas, the conduct causing the injury (the deconstruction of the tower) occurred in Kansas, and the relationship between the parties in this case is centered in Kansas, where the deconstruction was to occur.  Moreover, Union Pacific and Sabre argue that Kansas has a stronger interest in its law governing this case than Missouri does because the incident and the conduct leading up to it both occurred within its borders.  Finally, these Defendants argue that because Kansas law applies, the Court must recognize the exclusivity of Kansas' workers' compensation law as a jurisdictional bar, meaning that Plaintiffs' claim against Wireless fails as a matter of law and that Wireless was fraudulently joined.  Therefore, Union Pacific and Sabre argue that the Court should deny Plaintiffs' motion to remand the case.

## **DISCUSSION**

This Court has recently addressed the arguments presented by the parties here, in the context of another wrongful death case brought by the survivors of decedent's co-worker Seth Garner, involving nearly identical issues to those presented here, *Garner v. Union Pacific Railroad Co.*, No. 4:15-CV-00733-AGF, Doc. No. 31 (E.D. Mo. November 20, 2015).  The Court concluded in that case that the workers' compensation laws of Missouri and Kansas conflicted, and that it was necessary to first determine

7

which state's law controlled the plaintiffs' claim against Wireless before deciding whether Wireless was fraudulently joined.

The Court applied the choice-of-law rules of Missouri, which utilizes the "most significant relationship" test stated in the Restatement (Second) of Conflicts of Law. *See Kennedy v. Dixon*, 439 S.W.2d 173, 184 (Mo. 1969). The Court noted that although the *Garner* plaintiffs and Wireless were all Missouri citizens and the employment relationship between Wireless and the decedent was based in Missouri, the place of injury and the place of Wireless's alleged misconduct were both in Kansas. *Garner*, Doc. No. 31 at 11. Based on these contacts, the Court concluded in *Garner* that Missouri did not have a more significant relationship with the case than Kansas, and that therefore the law of Kansas, as the place where the injury occurred, controlled the plaintiffs' claim against Wireless, and that the claim was barred to the extent it would be so under Kansas law. *Id.* at 13-14; *see also Anderson v. Commerce Constr. Servs., Inc.*, 531 F.3d 1190, 1197-98 (10th Cir. 2008) (finding that a worker's personal injury suit against his general contractor was barred by Kansas law, which applied because Kansas law had the most significant relationship with the parties and the incident, which occurred in Kansas).

The Court determined in *Garner* that under the law of Kansas, because the plaintiffs could have brought a claim under Kansas' workers' compensation statute, the plaintiffs were barred from bringing a tort claim against Wireless and could only obtain recovery through the state's workers' compensation system. The Court cited several cases supporting its finding in *Garner* that Kansas' workers' compensation statute acted as a complete bar to the plaintiff's tort claim against Wireless. *See Anderson*, 531 F.3d at

8

1197-98; *Beam v. Concord Hospitality, Inc.*, 873 F. Supp. 491, 497-98 (D. Kan. 1994); *Robinett v. Haskell Co.*, 12 P.3d 411, 414 (Kan. 2000). The Court held in *Garner* that Wireless was fraudulently joined, because there was no reasonable basis for predicting that Kansas law might impose liability on Wireless based on the facts the plaintiffs alleged. *Garner*, Doc. No. 31 at 15. As a result, the Court denied the plaintiffs' motion to remand in *Garner*, and denied Union Pacific's motion for jurisdictional discovery as moot. Furthermore, the Court in *Garner* followed the approach of the Eighth Circuit and this District, and *sua sponte* dismissed the plaintiffs' claim against the fraudulently joined Wireless for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 896 (8th Cir. 2014); *Block v. Toyota Motor Corp.*, 665 F.3d 944, 951 (8th Cir. 2011); *Wichmann v. Proctor & Gamble Mfg. Co.*, No. 4:05CV1095 HEA, 2005 WL 2176922, at *3 (E.D. Mo. Sept. 8, 2005).

Upon review of the record in the present case, including the parties' arguments and supplemental authority, the Court will follow the approach taken in *Garner*.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that that the motion of Plaintiffs to remand this case to state court is **DENIED**. (Doc. No. 7.)

**IT IS FURTHER ORDERED** that Plaintiffs' claim against Wireless Horizon, Inc. is hereby **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the motion of Union Pacific Railroad Company for leave to conduct jurisdictional discovery is **DENIED as moot**. (Doc. No. 12.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2015