UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JODI LYNNE POWERS, individually and )
as next friend for D.A.P., )
)
    Plaintiffs, )
)
v. )   Case No. 4:15CV00955 AGF
)
UNION PACIFIC RAILROAD CO., et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 27) of Plaintiffs Jodi Powers and D.A.P. for voluntary dismissal of their claims against the remaining Defendants, Union Pacific Railroad Company, Sabre Industries, Inc., and Sabre Communications Corp. without prejudice. For the reasons set forth below, the Court will grant the motion subject to the condition that, if Plaintiffs re-file this cause of action against some or all of these three Defendants, whether in state or federal court, Plaintiffs must pay the court costs and reasonable attorneys' fees the Defendants incurred in the instant cause of action, less any expenses for work that can be reused in the subsequent litigation.

## BACKGROUND

Plaintiffs' claims arise from the collapse of a communications tower on March 25, 2014, in Pottawatomie County, Kansas, which killed decedent Martin Powers and his co-

worker, Seth Garner.  On March 27, 2015, Plaintiffs Jodi Powers and D.A.P., decedent's wife and daughter, filed a petition in Missouri state court asserting state law claims against Defendants Union Pacific Railroad Company ("Union Pacific"), Wireless Horizon, Inc. ("Wireless"), Sabre Industries, Inc., Sabre Communications Corp. (the latter two, collectively "Sabre"), and five John Doe Defendants, not yet identified, who were allegedly co-employees of decedent.

On May 8, 2015, Defendants Union Pacific and Sabre removed the case to this Court, alleging that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), notwithstanding that Plaintiffs and Wireless shared Missouri citizenship.  Defendants alleged that Wireless had been fraudulently joined to defeat this Court's diversity jurisdiction.  On June 22, 2015, Plaintiffs filed a motion to remand on the ground that Plaintiffs articulated a colorable cause of action against Wireless, destroying complete diversity.  By Order dated November 20, 2015, the Court denied the motion to remand and dismissed Wireless without prejudice, finding that it had been fraudulently joined in this action.  The Court held that Kansas law controlled Plaintiffs' tort claim against Wireless and that, under Kansas law, Plaintiffs could only recover against Wireless through the state's workers' compensation system.  Accordingly, Plaintiffs were barred from obtaining tort recovery against Wireless in this case.

On December 18, 2015, Plaintiffs filed a motion to voluntarily dismiss the remaining Defendants without prejudice.  Plaintiffs argue that their "most likely option for recovery for wrongful death damages lies with their claim against Wireless" or its employees, and they wish to dismiss this action so that they may pursue claims against

Wireless elsewhere. Plaintiffs maintain that dismissal without prejudice is appropriate because the case is still at a very early stage and, therefore, no prejudice or harm will be suffered by Defendants.

Defendants object to a dismissal without prejudice, stating that Plaintiffs' purpose for requesting dismissal is to avoid the implications of this Court's adverse ruling when the Court denied Plaintiffs' motion to remand and dismissed their claims against Wireless without prejudice, as barred under the Kansas workers' compensation statute and therefore fraudulently joined. Accordingly, Defendants maintain that Plaintiffs' motion for dismissal is improper and should be denied. Alternatively, Defendants seek the following conditions on any dismissal without prejudice: 1) limit Plaintiffs to re-filing any claims against Defendants in this Court, and 2) require Plaintiffs to pay Defendants' court costs and reasonable attorneys' fees prior to re-filing the causes of action against Defendants.

Plaintiffs have not replied to Defendants' opposition, or to Defendants' request for conditions, and the time to do so has passed.

## **DISCUSSION**

This Court has recently addressed the arguments presented by the parties here, in the context of a nearly identical case brought by the survivors of decedent's coworker, Seth Garner, *Garner v. Union Pac. R.R. Co.*, No. 4:15CV00733-AGF, Doc. No. 38 (E.D. Mo. Feb. 16, 2016). The Court concluded in that case that voluntary dismissal of the plaintiffs' claims without prejudice was appropriate, subject to the condition that if the plaintiffs re-filed the same cause of action against some of all of the dismissed

defendants, whether in state or federal court, the plaintiffs would have to pay the court costs and reasonable attorneys' fees the defendants incurred in the first cause of action, less any expenses for work that could be reused in the subsequent litigation.

The Court in *Garner* analyzed the three factors that courts in this circuit consider to decide whether to grant a voluntary dismissal without prejudice. *Garner*, Doc. No. 38 at 4-6; *see also Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013). The Court in *Garner* found that the plaintiffs' purpose for requesting dismissal—to focus their energy on prosecuting their claims against Wireless—was a proper explanation because, for example, the plaintiffs could properly pursue workers' compensation claims against Wireless. *Garner*, Doc. No. 38 at 4 n.1. Further, the Court in *Garner* found that a voluntary dismissal would not result in a significant waste of judicial time and effort at such an early stage of the case. *Id.* at 4-5. The Court in *Garner* also found that any prejudice to the defendants could be cured by attaching conditions to the dismissal. Accordingly, the Court concluded that voluntary dismissal without prejudice was appropriate, subject to the condition that if the plaintiffs re-filed the same cause of action against some or all of the dismissed defendants, the plaintiffs would be required to pay the court costs and reasonable attorneys' fees the defendants incurred in the first cause of action, less any expenses for work that could be reused in the subsequent litigation. *Id.* at 7. The Court concluded in *Garner* that this condition adequately protected the defendants from the burden of incurring duplicative expenses.

Finally, the Court in *Garner* rejected the defendants' proposed condition seeking to limit the plaintiffs' choice of forum in re-filing any cause of action against the

defendant.  The Court found that such a condition would unwisely forbid the plaintiffs from resorting to the courts of their own state.  *Kern v. TXO Prod. Corp.* 738 F.2d 968, 973 (8th Cir. 1984).

Upon review of the record in the present case, the Court will follow the approach taken in *Garner*.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to dismiss their claims against Defendants Union Pacific Railroad Company, Sabre Industries, Inc., and Sabre Communications Corp. without prejudice is **GRANTED** upon the condition that if Plaintiffs re-file this cause of action against some or all of these three Defendants, in state or federal court, they shall reimburse Defendants for court costs and reasonable attorneys' fees incurred in defending the present lawsuit, less any expenses incurred for work that can be reused in the subsequent litigation.  (Doc. No. 27.)

**IT IS FURTHER ORDERED** that all claims against all parties having been dismissed, this case is **CLOSED**.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2016.